The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Conclusion of Law 1, and Award paragraph 1.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as a:
STIPULATION
The parties stipulated to 61 pages of medical records.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 24 years old and was not working.
2. At the time of the injury plaintiff was employed by defendant-employer as a packer on the conveyor line in the warehouse. This job sometimes involved lifting boxes weighing up to 60 to 85 pounds.
3. Following his injury lifting boxes on 15 May 1992, plaintiff came under the care of Dr. Fernandez. Throughout her treatment of plaintiff's low back during May 1992 Dr. Fernandez recommended that plaintiff return to light duty work with no lifting over 10 to 15 pounds.
4. When plaintiff failed to show any improvement, he was referred to Dr. Yates, an orthopaedic surgeon. On first visit with Dr. Yates on 4 June 1992, neurological and motor testing was normal and plaintiff was advised to return to light work involving no lifting over 45 pounds and no repetitive bending or stooping. CT-Scan and MRI results were normal except for minimal degenerative changes unrelated to the injury of 15 May 1992. Plaintiff's diagnosis was lumbar sprain. Dr. Yates continued to urge plaintiff to return to light work, if not with defendant-employer then somewhere else. By 4 August 1992 plaintiff had reached maximum medical improvement. There was no further treatment that Dr. Yates would recommend.
5. When Dr. Yates released plaintiff to light work in June 1992, defendant-employer offered plaintiff a position in ticketing on 5 June 1992 which was within his restrictions. This job involved lifting no more than 10 pounds and no repetitive bending or stooping. Plaintiff could sit or change position as needed in this job. Plaintiff refused to even attempt this job, and also turned it down on 24 September 1992 when it was offered to him again.
6. Because he was unhappy with Dr. Yates' treatment and recommendations, plaintiff sought treatment on his own from Dr. Seigel. Plaintiff told Dr. Seigel that the light duty work defendant-employer offered him involved lifting of 50 to 60 pounds. Dr. Seigel treated plaintiff with medications, physical therapy, and SI joint injections, until 22 February 1993, at which time he concluded he had nothing further to offer plaintiff and that plaintiff would have to learn to live with his pain. Like Dr. Yates, all the tests Dr. Seigel performed were normal and there were no objective findings to support plaintiff's complaints of pain. Plaintiff did not show any improvement in his condition while under Dr. Seigel's care. Dr. Seigel's diagnosis was mechanical low back pain of unclear etiology.
7. Plaintiff has applied for only three part-time jobs since he was last employed by defendant-employer in May 1992. All of these jobs were with a veterinarian, and he was hired by one vet hospital where he worked for only two weeks, three to four hours a day. This job involved walking little dogs around a field, hosing down cages, and assisting the doctor.
8. Plaintiff saw Dr. Yates again on 13 June 1993 for a rating. Plaintiff's condition was unchanged from his last visit a year earlier. Dr. Yates could not find any problem that could be responsible for plaintiff's persistent complaints, and he did not feel further treatment was warranted. At that time plaintiff remained capable of performing work within the restrictions Dr. Yates set out a year earlier.
9. Inasmuch as plaintiff did not give Dr. Seigel a honest, accurate description of the light duty job defendants offered him, the undersigned does not accept Dr. Seigel's recommendation in his notes that plaintiff remain out of work as competent credible evidence that plaintiff was not capable of performing the light duty job that had been offered twice and approved by Dr. Yates.
11. The undersigned finds Dr. Seigel's rating of 25 percent to the back to be so excessive as to not be credible, given the fact that plaintiff did not have and does not require surgery and has no objective findings on testing or exam. A 25 percent rating is more appropriate for someone who has had multiple surgeries or a fusion and retains marked limitations.
12. As a result of the injury of 15 May 1992 plaintiff retains a five percent permanent disability to his back.
13. Plaintiff does not require further medical treatment to give relief, effect a cure, or lessen the period of his disability.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Because plaintiff unjustifiably refused employment procured for him suitable to his capacity beginning 4 August 1992, he shall not be entitled to further compensation pursuant to G.S. § 97-32.
2. As a result of the injury of 15 May 1992 plaintiff retains a five percent permanent disability to his back which entitles him to benefits under G.S. § 97-31(23) for a period of 15 weeks.
3. Defendants shall not be responsible for paying for further medical treatment, inasmuch as such treatment is not reasonable and necessary to effect a cure, give relief, or lessen the period of plaintiff's disability. G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim for ongoing temporary total disability benefits since the date of last payment is hereby denied for his unjustifiable failure to accept suitable work which was procured for him. Defendants are entitled to a credit for all compensation paid after 4 August 1992.
2. Defendants shall pay plaintiff permanent partial disability benefits at the rate of $186.68 per week for a period of 15 weeks. This compensation shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
3. Defendants shall pay the costs.
4. Defendants shall not be responsible for paying for further medical treatment.
5. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the sum due plaintiff and paid directly Mr. Barbour.
* * * * * * * * * * *
ORDER
It is hereby ORDERED that plaintiff's motion of February 2, 1995 requesting submission of additional evidence and/or a de novo
hearing is DENIED.
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
CMV/CNP/tmd 4/17/95